Daniels, J.
The complaint set forth nineteen causes of action in favor of the plaintiff' against the firm of Griffith & Wundram. The defendant Abendroth joined them in their business as a special partner, but for a failure to comply with the directions of the statute concerning the formation of special partnerships, he has been held to be liable for the debts of the firm as a general partner. He alone answered the plaintiff’s complaint, and on the trial a verdict was directed in his favor upon the causes of action numered 6, 9, 10, 14, 15, 16 and 17, and a verdict was directed in favor of the plaintiffs on none of the other causes of action set forth in the complaint. By the appeal the defendant has contested the right of the plaintiff to recover for the second, third, fourth and fifth causes of action.
The second cause of action was upon a note made in the name of the firm, on the 1st of April, 1872, due in three months thereafter, and transferred by the payees, McOlay brothers, to the plaintiff. A piayment was proven to have been made upon the note on the 5th of October, 1872, and this action was commenced on the 19th of September, 1878. The action for the balance due upon the note accordingly was not defeated by the Statute of Limitations.
The defendant Wundram was examined as a witness upon the trial, and by his cross-examination it was proved that McClay brothers sold lumber to the firm of Griffith & Wundram. He was then asked whether the notes which were- *341 given to McCIay brothers were for materials used upon leasehold premises, and whether the material was delivered before the note was given. These questions were objected to, as well as another repeating substantially the same inquiry, and they were excluded by the court as not being material to the action. The evidence which the questions might have elicited if they had been answered, does not appear to be pertinent to any issue in the case and for that reason the exclusion of it was in no manner erroneous.
The third cause of action was upon a similar note made by the firm on the 33d of July, 1873, due in three months thereafter. That note had not matured within six _ years before the commencement of the suit. And as the evidence objected to was not material upon any issue as to the second cause of action, it follows that it was properly excluded when offered concerning the third cause of action.
The fourth cause of action was for goods sold by the firm of F. 0. Ketcham & Co., on the 7th of September, 1873. And to avoid the effect of the statute of limitations, the witness, Lehmeyer, after stating that the goods were delivered on the 7th of September, 1873, was asked, upon his cross-examination, what credit the goods were sold upon, and whether the credit was not for thirty days. He answered, “yes, I think so.” He was further examined by the counsel, for the defendant, and answered that nothing was mentioned as to the credit to his knowledge, but upon being further examined by the counsel for the plaintiff, testified that the usual credit was thirty days; that there was a custom in the trade for thirty days credit, and the bills were generally collectible in that time. The defendant objected to the evidence given by the witness as to the credit and the custom. The objection was in the most general form, which the court overruled; but after the evidence had been given, a motion was made to strike it out on the ground that the complaint contained no statement of this custom. But the complaint did contain a statement fully setting forth a cause of action upon this demand. And the defense of the statute of limitations set forth in the defendent’s answer could be legally avoided by this proof under section 533 of the Code of Civil'' Procedure. It was new matter constituting a defense by way of evidence, and it could be answered under this section by any pertinent evidence proving it to be without legal foundation. And the evidence received was of that description.
The fifth cause of action was upon a promissory note made by Griffith & Wundram, on the 10th of July, 1873, due in four months after its date. Direct evidence of the .making of this note was not given upon the trial. The defendant, in his answer, denied each and every allegation in the complaint contained not afterwards admitted. The fourth subdivision of the answer contains the statement that the pai’ *342 ties who were the holders of the demand set forth as the fifth cause of action, were made parties to proceedings in bankruptcy, and that they proved this demand in those proceedings, and received .a dividend thereon. The answer further set forth the amount of the dividend which was alleged to have been paid on this fifth ca,juse of action. This statement, though not an express admission of the making of the note, was inferentially so, for it showed that it had been recognized as a valid obligation by the defendant in the course of the proceedings in bankruptcy. And that was sufficient proof, as there was no evidence to the contrary, to entitle the plaintiff to maintain the action upon this cause of action.
The court was not requested to submit either of these causes of action to the jury; but the defendant’s counsel moved to dismiss them, or for the direction of a verdict in his favor. This direction was asked upon the effect of the proceedings in bankruptcy, which do not require to be here considered, for they have been held heretofore not to be a bar to the plaintiff’s right to recover upon these several causes of action. The judgment should be affirmed with costs to the respondent.
Brady, J., concurs.